### N. M. Wheeler v. The State.

No. 5887.    Decided October 13, 1920.

**1.—Assault to Murder—Aggravated Assault—Charge of Court.**

Where, upon trial of assault with intent to murder and a conviction of aggravated assault, the defendant excepted to the court's charge on assault to murder, the same need not be considered on appeal.

**2.—Same—Charge of Court—Statement of Facts.**

In the absence of a statement of facts, an exception to the charge of the court on aggravated assault cannot be considered on appeal.

**3.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

Where defendant excepted to the action of the court in refusing to permit his counsel to ask a witness a certain question, but the bill of exceptions failed to show how the matter came up, or its relation to the case and the other testimony, the same cannot be considered on appeal, especially in the absence of a statement of facts.

Appeal from the District Court of Franklin. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of aggravated assault; penalty, a fine of fifty dollars.

The opinion states the case.

*T. M. Newson* and *Wilkinson & Davidson,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited Evans v. State, 172 S. W. Rep., 795; Lewis v. State, 220 id., 1094; Guillen v. State, 221 id., 1086.

DAVIDSON, PRESIDING JUDGE.—Appellant, under an indictment charging assault to murder, was convicted of an aggravated assault and fined $50.

A number of exceptions were reserved to the court's charge on assault to murder. Having been acquitted of that offense appellant is not in position to complain of the rulings of the trial court in that respect.

There were exceptions reserved to the court's charge on aggravated assault. In the absence of a statement of facts we are unable to intelligently revise any of the matters presented.

There is a bill of exceptions reserved to the action of the court refusing to permit counsel to ask Lovelady the following question: "Do you remember telling Vernon Hair that you did not see N. M. Wheeler run over Sam Taylor and you did not believe he did run over him?" The State's objection to this question was sustained. The purpose of this question, as stated in the bill, was to lay a predicate for the impeachment of the witness. Had the witness been permitted to do so he would have answered in the negative, that is, that he did not make the imputed statement. The court qualifies this bill by stating that the opinion of the witness as to whether defendant did or did not run over Sam Taylor is immaterial, and a witness could not be impeached on an immaterial matter. How the matter came up, and its relation to the case and the testimony, is not explained. The bill is too indefinite for consideration. The evidence

is not before us, and we are unable to revise the ruling of the court in regard to matters which would call for a familiarity with the evidence.

The judgment will be affirmed on this record.

*Affirmed.*